UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HOSPITAL QUIRURGICA DEL SUR ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN'S POINT HEALTH CARE, ) <br> INC., ) <br> ) <br> Defendant. ) | No. 2:23-CV-00259-LEW |

## ORDER ON MOTION TO ALTER JUDGMENT

Plaintiff Hospital Quirurgica Del Sur seeks to recover the costs of medical services that it provided to a patient in Mexico from Defendant Martin's Point Health Care, Inc. I previously granted Defendant's Motion to Dismiss because Plaintiff did not exhaust its administrative remedies. Order on Motion to Dismiss (ECF No. 29). The matter is before the Court on Plaintiff's Motion to Alter Judgment (ECF No. 31). Because Plaintiff has not demonstrated that the judgment of dismissal resulted from a manifest error of law, the Motion is DENIED.

Federal Rule of Civil Procedure 59(e) "permits an attack on a judgment on the ground that the judgment is based on a manifest error of law." *Venegas-Hernandez v. Sonolux Recs.*, 370 F.3d 183, 189 (1st Cir. 2004).

Plaintiff argues that this case was erroneously dismissed because it is a foreign provider of medical services and thus not able to access the administrative review process.

Mot. at 2. In support, Plaintiff references the Fifth Circuit's decision in *RenCare*, *Ltd. v. Humana Health Plan of Texas*, *Inc.*, 395 F.3d 555 (5th Cir. 2004), and observes "that a provider's direct claim against an insurer may not be subject to Medicare's administrative review." Mot. at 3. In *RenCare*, the payment "dispute [was] solely between Humana and RenCare" based on their "privately-agreed-to payment plan." 395 F.3d at 558. Because the parties had a private contract, the payment dispute was not "inextricably intertwined with a claim for Medicare benefits," so the exhaustion requirement did not apply. *Id.* at 557–58.[1] Because this case does not involve a contract, *RenCare* is distinguishable. *See Tenet Healthsystem GB*, *Inc. v. Care Improvement Plus S. Cent. Ins. Co.*, 875 F.3d 584, 591 (11th Cir. 2017) (explaining that "Medicare regulations treat noncontract providers differently than contract providers" by permitting contract providers and Medicare Advantage Organizations ("MAOs") to define the terms of their agreements).

Plaintiff also argues that "[s]ince foreign medical providers are neither contracting nor non-contracting parties as those phrases are used in [Center for Medicare & Medicaid Services' (CMS)] nomenclature, they cannot be part of an administrative review process

---

[1] Plaintiff quotes an amicus brief filed by the United States Department of Health and Human Services in which it argued "'that third-party contract providers (rather than noncontract providers . . .) are not assignees' within the definition of Medicare's administrative exhaustion provisions." *Sarasota Cnty. Pub. Hosp. Bd. v. Blue Cross & Blue Shield of Fla.*, *Inc.* 511 F. Supp. 3d 1240, 1252 (M.D. Fla. 2021) (ellipses in original) (quoting *Tenet Healthsystem GB*, *Inc. v. Care Improvement Plus S. Cent. Ins. Co.*, 875 F.3d 584, 590 (11th Cir. 2017)). As explained by the Eleventh Circuit, this argument overlooks the "critical" distinction "between contract providers and noncontract providers." *Tenet Healthsystem*, 875 F.3d at 590. When there is a billing dispute between a MAO and a contract provider, the provider is only pursuing a claim for reimbursement that belonged to itself under the contract, so its claim is not inextricably intertwined with a claim for Medicare benefits. *See id.* But when a hospital agrees to treat Medicare enrollees and agrees to hold those enrollees harmless for any costs incurred in connection with their medical treatments, the hospital "stand[s] in the shoes of the enrollees," so it must comply with the exhaustion requirement to assert an enrollees' claims. *Id.* at 589.

such as the providers in the cases the Court relie[d] upon." Mot. at 4. This checks off the lawyerly rhetoric box, but Plaintiff has not supported its argument with any case law. Instead, Plaintiff has offered the affidavit of Eindar M. Khant, the CEO of Passage Health International, Inc. Mot. Ex. 1 at 1–2. He states that CMS has "flatly rejected [appeals,] stating that it does not handle, remedy or adjudicate claims between any MAO and any foreign medical provider." *Id.* at 1. Khant further explains that "[f]oreign medical providers cannot be either contracting or non-contracting parties in the CMS vocabulary since they cannot participate in Medicare since they are outside of the USA." *Id.* In support, Plaintiff attached two emails capturing exchanges between other foreign medical providers and CMS in which CMS has purportedly rejected appeal requests. *Id.* at 10–17.

Plaintiff's argument confounds the grievance process with the distinct appeals process for payment disputes. The grievance process is reserved for "complaint[s] or dispute[s], *other than one that constitutes an organization determination*, expressing dissatisfaction with any aspect of an MA organization's or provider's operations, activities, or behavior, regardless of whether remedial action is requested." 42 C.F.R. § 422.561 (emphasis added). Organization determinations encompass the "MA organization's refusal to provide or pay for services, in whole or in part." 42 C.F.R. § 422.566(b)(3). Accordingly, Plaintiff's payment dispute entails an organizational determination, and it is subject to "mandatory administrative 'appeals procedures.'" *RenCare*, 395 F.3d at 559 (first citing 42 U.S.C. § 1395w-22(g); and then citing 42 C.F.R. §§ 422.560–422.622). Indeed, one of Plaintiff's proffered email exchanges references this appeals process. *See* Mot Ex. 1 at 9.

3

In sum, Plaintiff has not demonstrated that the judgment of dismissal rested on a manifest error of law. Thus, Plaintiff's Motion to Alter Judgment (ECF No. 31) is **DENIED**.

SO ORDERED.

Dated this 12th day of August, 2024.

/s/ Lance E. Walker  
Chief U.S. District Judge